FILED

2011 JUL -1 PM 3: 14

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA TORRES,

Plaintiff,

vs.   Case No.: 6:11-cv-1094-Orl-35GJK

FINANCIAL ASSET MANAGEMENT
SYSTEMS, INC.,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Maria Torres, is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Financial Asset Management Systems, Inc., (hereinafter "Defendant FAMS") is a collection agency operating from an address of 1967 Lakeside Pkwy, Suite 402, Tucker, GA 30084, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant FAMS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant FAMS regularly collects or attempts to collect debts for other parties.

9. Defendant FAMS is a "debt collector" as defined in the FDCPA.

10. Defendant FAMS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

14. The following third-party heard the message while at or visiting Plaintiff's residence on one or more occasions: Plaintiff's friend, Rafael Garcia.

15. Plaintiff did not authorize Defendant to communicate with the third parties.

16. No court authorized Defendant to communicate with the third parties.

17. The third parties had no legitimate business need for the information communicated in the telephone messages.

18. Defendant knew or had reason to know that the third parties had no legitimate business need for the information communicated in the telephone messages.

19. The messages communicate information affecting Plaintiff's reputation.

20. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

21. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

22. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALL

23. In or about May, 2011, Defendant FAMS's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Duringthis May, 2011 call, Defendant left a voice mail on Plaintiff's answering machine, identifying himself as a debt collector.

3

## SUMMARY

25. The above-described collection communication made to Plaintiff by Defendant FAMS, and a collection employee employed by Defendant FAMS, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3),and 1692b(5), as well as the FCCPA § 559.72(5), and § 559.77(5).

26. During its collection communication, Defendant and this individual debt collector employed by Defendant FAMS failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

27. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

28. Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and their right to financial privacy.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

31.   The foregoing act and omission of the Defendant and its agent constitutes multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

32.   As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

33.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

35.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

5

36. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

37. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiffs' right to financial privacy.

38. Defendant disclosed Plaintiff's alleged indebtedness to Rafael Garcia, who is Plaintiff's friend. Defendant knew or had reason to know that Rafael Garcia did not have a legitimate need for the information.

39. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICESACT

41. Defendant disclosed Plaintiff's alleged indebtedness to Rafael Garcia, who is Plaintiff'sfriend. Defendant knew or had reason to know that Rafael Garciadid not have a legitimate need for the information.

6

42. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt.

45. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

46. Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

47. Defendant has falsely represented the amount of debt allegedly due.

## COUNT 7

## VIOLATION OF FCCPA §559.75

48. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: June 21st, 2011

Respectfully submitted,

Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff